162    469
179   ²369

## FARRAR v. MIDLAND ELECTRIC RAILWAY COMPANY, Appellant.

### Division One, May 14, 1901.

1. **Tort:** DAMAGE BY GRADING RAILROAD. In a suit for damages to plaintiff's property caused by the construction of an embankment in front thereof for a street railway roadbed, it is necessary for defendant, if he wishes the appellate court to consider his challenge of plaintiff's title to his property, to put into his bill of exceptions the deeds offered at the trial.

2. ———: ———: FACT ASSUMED AT TRIAL. Where it was assumed throughout the trial on both sides that plaintiff was the owner of

the property, for injuries to which by the construction of an embankment in front thereof he sues, the appellate court will not decide that plaintiff can not recover because he showed no title to the property.

Appeal from St. Louis County Circuit Court.—*Hon. Rudolph Hirzel*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *Wurdeman & Mathews* for appellant.

It being an issue in the case as to the plaintiff's ownership of the property, the plaintiff offering no proof of ownership, was not entitled to recover, and the jury properly found a verdict in favor of the defendant. To be entitled to recover damages, the plaintiff was bound to show his title with the same degree of certainty as in an action of ejectment (2 Greenleaf Ev., sec. 304) or in an action on the case for waste. 2 Greenleaf Ev., sec. 656. The plaintiff alleged that he was the owner. He must prove it. 1 Greenleaf, sec. 74.

*Richard A. Jones* for respondent.

(1) (a) The record of appellant discloses that evidence was introduced at the trial below, to establish just this point of ownership, title deed and court records, but does not set out this evidence. It further appears that throughout the trial the ownership of the real estate damaged was assumed both by appellant and by the trial court to be in respondent, and that such question was not an issue in the case. So that, even were the record in such condition as to allow appellant to raise the question of title, which, by reason of the omissions appearing on its face, it is not, appellant is precluded from making it an

Farrar v. Midland El. Ry. Co.

issue in this court, for no rule of practice is better established than that parties can not shift positions, but are confined in the appellate tribunal to the course of action they have adopted at the trial. State to use v. O'Neill, 151 Mo. 67; Guntley v. Stead, 77 Mo. App. 155; Long v. Long, 141 Mo. 367; Hall v. Goodnight, 138 Mo. 576. (b) And where a fact, such as the ownership of real estate damaged (Walker v. City of Sedalia, 74 Mo. App. 70), or any other matter, is assumed to exist throughout the trial, it can not be contested in the appellate court. State to use v. O'Neill, 151 Mo. 67; Fearey v. O'Neill, 149 Mo. 478. (c) And this is true even though such course be inconsistent with that indicated by the pleadings. Hall v. Drug Co., 140 Mo. 433; Pope v. Ramsey, 78 Mo. App. 157. (2) (a) The record filed by appellant discloses that title deed to respondent and court records were introduced at the trial below to establish title and this, in view of the question now for the first time raised by brief of appellant, most important documentary evidence, is omitted from its abstract. Rule 13 of this court requires that the abstract filed shall set forth so much of the record as is necessary to a full and complete understanding of all questions presented to the court for decision, and this casts upon the appellant, and not the respondent, the duty of preparing such abstract. Sedgwick County, Kan., v. Newton County, Mo., 144 Mo. 301; Brand v. Cannon, 118 Mo. 598. (b) And where evidence, documentary or otherwise, is shown by the abstract, or admitted by briefs of counsel to have been omitted on any point from the abstract filed, it will be presumed such fact was established. Estes v. Nell, 140 Mo. 652; Gentry v. Field, 143 Mo. 409, 410; Doeherty v. Noble, 138 Mo. 33; Stern v. Folz, 152 Mo. 559; Costello v. Fesler, 80 Mo. App. 107.

VALLIANT, J.—The allegations of the petition are to

the effect that plaintiff is the owner of certain land in St. Louis county, abutting a public road known as Page avenue; that defendant, a street railroad corporation, had constructed on Page avenue, immediately in front of plaintiff's property and adjacent to the sidewalk on which it abutted, an embankment on which its street railroad was built, from four to ten feet higher than the grade of the street or public road, and thereby shut off ingress and egress to and from plaintiff's property, to his damage, $5,000. Defendant by its answer admits that it is a corporation and denies all the other allegations of the petition, then it specifically pleads that its roadbed is on grade with the public road, except at a point where it crosses a ravine; "that the grade so constructed at said ravine is not of such height as to injure or damage the property of the plaintiff as stated in said petition."

The cause was tried by court and jury. There was evidence to support the allegations of plaintiff's petition, and evidence on behalf of defendant to the contrary. At the close of the plaintiff's evidence, and again at the close of all the evidence, defendant asked an instruction to the effect that plaintiff was not entitled to recover, which was refused and defendant excepted.

The court gave instructions concerning which no complaint is made. There was a verdict for the defendant, a motion for a new trial, which the court sustained on the grounds that the verdict was "against the law and evidence, against the weight of the evidence and against the instructions of the court." From the order granting the new trial the defendant appeals.

Appellant presents but one point in its brief, that is, that the instruction in the nature of a demurrer to the evidence should have been given, because there was no evidence to show that the land in question belonged to the plaintiff. There was

in fact, however, no real challenge of the plaintiff's title during the trial, from the beginning to the end of which the land was spoken of by counsel on both sides as the plaintiff's property, and that was a fact assumed. In the defendant's answer it is referred to as "the property of the plaintiff." In cross-examining the plaintiff himself, who was a witness, the counsel for defendant frequently referred to the land as "your property," and in the examination of other witnesses it was designated as the "Farrar property," "the B. C. Farrar's trustee's property." Besides, the defendant's bill of exceptions shows that there was evidence of title, although it is not set out. At the beginning of the trial, when the plaintiff was the witness on the stand, the bill of exceptions shows this question (seemingly addressed to counsel for defendant): "(Mr. Jones): Do you want us to show his trusteeship? We have got the deed here? Do you want us to introduce it in evidence? (Mr. Lehman): Yes. Q. (to the witness): Have you the deed? A. Yes, sir. Q. Is this a deed to you of the property? A. This is the deed to me of the property by the former trustee that was confirmed by an order of the court. Q. (Mr. Lehman): Does the deed show the parties in interest? A. Yes, sir. (Mr. Jones): We offer in evidence deed from Hade B. Payne, trustee to Bert C. Farrar, trustee of the property described in the petition. It is marked 'Exhibit A.' (Clerk insert.) (Mr. Jones): We also offer in evidence record of the circuit court of St. Louis county in case 4468, May term, 1895, found in record book 15, page 413, of the circuit court of St. Louis county. Q. You became trustee of the property in 1895? A. Yes, sir; January 1."

Neither the deed, nor record called for in the bill of exceptions, is inserted in the record. These it was the duty of appellant to have embraced in the record it brings to this court

if it desires to question the sufficiency of the proof on that point.

But after going through the appellant's bill of exceptions of more than seventy printed pages we are convinced that the attention of the court and counsel was directed alone, throughout the trial, to the question of the alleged injury to the plaintiff's property, and that it was his property was a fact assumed on both sides. The point now presented is presented for the first time in this court.

The trial judge was of the opinion that the verdict of the jury was against the weight of the evidence and for that reason set it aside and granted a new trial, as it was his duty under those conditions to do, and his judgment is affirmed.

All concur.